224    APPELLATE COURTS OF ILLINOIS.

O'Grady v. Chicago & Joliet Electric Ry. Co., 193 Ill. App. 224.

pellant that warrants this court in reversing the judgment on the ground that the verdict was against the evidence.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Anthony O'Grady, Appellee, v. Chicago & Joliet Electric Railway Company, Appellant.

Gen. No. 6,050.    (Not to be reported in full.)

Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the October term, 1914. Reversed with finding of facts. Opinion filed March 9, 1915.

### Statement of the Case.

Action by Anthony O'Grady, plaintiff, against Chicago & Joliet Electric Railway Company, defendant, to recover damages for injuries sustained by being struck by a car operated by defendant. From a judgment for plaintiff, defendant appeals.

The facts disclosed by the evidence are that defendant operates a street car line extending westerly from the business portion of Joliet to and beyond the city limits. It is on McDonough street where it crosses Raynor avenue at about right angles near the outskirt of the city; and there is a turnout or passing track 365 feet long, constructed in the usual manner, extending each way from Raynor avenue. In passing, the cars turn to the right, westbound cars using the north track and eastbound cars the south track. The cars stop at the far side of the street to receive and discharge passengers. A westbound car would, under the practice, stop at the west side of Raynor avenue

O'Grady v. Chicago & Joliet Electric Ry. Co., 193 Ill. App. 224.

for that purpose. Plaintiff, a man about seventy-eight years old, was in the evening of May 26, 1912, a passenger on a car going west on McDonough street, and wished to alight at Raynor avenue, and so informed the conductor. Plaintiff claims that the car did not stop at Raynor avenue, but did stop about 150 feet west of the avenue, and that he got off the car there, which was on the north track, and went around the east end of the car towards the south, and in doing so got onto the south track and was struck by an eastbound car that was running without signal or warning, and dragged back the whole distance of the avenue, about 150 feet, and received injuries to his face, causing profuse bleeding, and to his clothing. Defendant admits the request to stop at the avenue, and that plaintiff was injured, but claims that the conductor before reaching the avenue gave the signal, one bell, that would warn the motorman to stop at the far side of the avenue; that plaintiff came out and stood on the back platform with him and a passenger named Calkins, and when the car was within fifty to seventy-five feet of the east line of the avenue, and running four to six miles an hour, plaintiff got off and fell upon the street in so doing; that the conductor then gave the emergency stop signal, three bells, and the car was stopped at the east line of the avenue; that there was another car, eastbound, standing still at the time on the south track near the west end of the passing track, about seventy-five feet west of the avenue.

Plaintiff called at a witness Mabel Palmer, a young lady who was walking west on McDonough street. She had come onto McDonough street from the next street east from Raynor avenue and says as she approached Raynor avenue she saw two cars standing on McDonough street, one just east of the avenue and the other about half a block west of the avenue. She saw a number of people near the east end of the avenue, and on reaching the place saw plaintiff with

his face bleeding and people brushing off his clothes. She is quite sure that the car she speaks of, near which plaintiff was, east of the avenue, was on the south track. By way of impeaching her testimony it was proven by the court reporter that took her testimony at the former trial, that she then said that she did not notice which track that car was on. This is all the testimony introduced by plaintiff showing or tending to show that he was struck by an eastbound car and dragged back to the avenue.

Defendant introduced as witnesses the conductor and motorman of the car on which plaintiff was riding, and the passenger Calkins who was on the back platform of that car. The conductor and Calkins both testify that plaintiff stepped off the car while it was running and before it reached Raynor avenue and fell in so doing. The motorman testified that he first got the one-bell signal before reaching the avenue, which meant that he was to stop on the far side of the avenue; that before he reached the avenue he got the three-bell signal, which meant to stop at once; that he succeeded in stopping with the front end of his car about even with the east line of the avenue; that he went back and saw the conductor raising plaintiff from the ground. The conductor and motorman of the car standing west of the avenue testify that their car was on the south track about 75 feet west of the avenue waiting for the other car to pass. The conductor went to the westbound car which was standing just east of the avenue and found plaintiff there with these people around him. They both say their car struck no one and injured no one. Two or three of these witnesses say that plaintiff said he was an old railroad man and thought he could get off, which statement he denies.

E. MEERS, for appellant.

F. A. HOOVER, for appellee; LAGGER & BLATT, of counsel.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

CARRIERS, § 476*—*when evidence insufficient to support verdict in action for injury to passenger.* Evidence examined in action to recover for injuries to passenger while alighting and *held* insufficient to support verdict for plaintiff.

---

## A. Silver, Plaintiff in Error, v. Chicago & Northwestern Railway Company, Defendant in Error.

### Gen. No. 5,979. (Not to be reported in full.)

Error to the Circuit Court of Boone county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed March 9, 1915.

## Statement of the Case.

Action brought by A. Silver against the Chicago & Northwestern Railway Company for the destruction of sheds adjoining a street in the city of Belvidere, on which the defendant maintained switch tracks. From a judgment in favor of the defendant, the plaintiff appeals.

The evidence for plaintiff showed that in the afternoon of April 13, 1912, the sheds caught fire and that the plaintiff's property was thereby injured; that shortly before the fire a switch engine had passed back and forth on the street within a few feet from the sheds, hauling or pushing some freight cars; that the engine was laboring heavily, with its wheels slipping, and that sparks were thrown therefrom onto the roof of and set fire to the sheds.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.